**IN THE COURT OF APPEALS OF IOWA**

No. 17-0026
Filed April 5, 2017

**IN THE INTEREST OF J.V.**
**Minor child,**

**J.V., Father,**
    Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.


    Father appeals from an order terminating his parental rights pursuant to Iowa Code chapter 232 (2016). **AFFIRMED.**


    Joseph P. Vogel of Vogel Law, P.L.L.C., Des Moines, for appellant father.

    Thomas J. Miller, Attorney General, and Kristi A. Traynor, Assistant Attorney General, for appellee State.

    Nicole Garbis Nolan of Youth Law Center, Des Moines, guardian ad litem for minor child.


    Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

James, the father, appeals from an order terminating his parental rights in his child, J.V., pursuant to Iowa Code section 232.116(1)(b), (e), and (h) (2016). The father challenges the sufficiency of the evidence supporting the statutory grounds authorizing the termination of his parental rights. The father also contends the termination of his parental rights is not in the child's best interest.

Our review is de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework and burden of proof are both well established and need not be repeated herein. *See id.*; *In re M.S.*, 889 N.W.2d 675, 679 (Iowa Ct. App. 2016). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

We address termination of James's parental rights pursuant to section 232.116(1)(h). As relevant here, the State was required to prove by "clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time." Iowa Code § 232.116(1)(h)(4). "At the present time" means at the time of the termination hearing. *See A.M.*, 843 N.W.2d at 111. "[A] child cannot be returned to the custody of the child's parent under . . . section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). We have interpreted this provision to require the State to prove the child would be exposed to an "appreciable risk of adjudicatory harm." *M.S.*, 889 N.W.2d at 683.

On de novo review, we conclude there was clear and convincing evidence in support of this ground for termination of James's parental rights. The child at issue was born in January 2015. Sixteen days after the child's birth, the father was placed in custody for violating the terms and conditions of his probation. At the time of the termination hearing, the father was incarcerated for convictions of threat to use an explosive or incendiary device and two counts of harassment in the first degree. The father's discharge date is in 2019. While James did testify he would be eligible for parole prior to that date, he also admitted parole could be delayed due to his repeated violations of prison rules. James's incarceration at the time of the termination hearing precluded his ability to provide care for the child. *See* Iowa Code § 232.2(6)(n) (defining a child in need of assistance to include one whose "parent's or guardian's mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care"); *In re L.H.*, No. 16-1605, 2016 WL 7395294, at *1 (Iowa Ct. App. Dec. 21, 2016) (affirming termination of parental rights pursuant to section 232.116(1)(h) whether father was incarcerated at the time of the termination hearing and the child did not recognize the father).

We also conclude termination of the father's parental rights is in the child's best interest. The father has extensive criminal history. He was incarcerated from 2006 through 2013. He was incarcerated again in 2015, shortly after the child's birth. The father has no bond with the child; the father had one visitation with the child in the Polk County Jail but otherwise has not seen the child in two years. The father's request that the child be placed with one of the father's relatives until the father's discharge from prison was untenable. The Iowa

Department of Human Services investigated the requested familial placements and concluded the child could not be placed safely with any of them due to concerns regarding violence and criminal behavior within the family, including, among other things, convictions for domestic abuse assault, assault with a weapon, assault, theft, robbery, extortion, kidnapping, criminal mischief, and possession of a controlled substance.

We cannot ask this child to continuously wait for his father to become a stable parent. *See In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010))). "[A]t some point, the rights and needs of the child[ ] rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). Termination of the father's parental rights is in the child's best interests.

**AFFIRMED.**